UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

**Case No.:** CV 09-5438-SJO(CTx)          **Date:** December 8, 2009

**Title:** JOSEPH A. MONACO v. BEAR STEARNS COMPANIES, INC., et al.

================================================================

**DOCKET ENTRY:**

================================================================

**PRESENT:**        Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

Deborah Malone
Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                     None present

**PROCEEDINGS:**    (DENYING PARTIES' REQUEST TO SIGN STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE)

The parties' request for the court to sign a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE** for the reasons set forth below. The parties are advised to take the following into consideration before submitting a stipulated proposed protective order to the court:

1. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted")(citations omitted)(emphasis added); see also Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "*entered on a showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

So that it is clear to the court and any party or nonparty seeking to challenge the confidential designation of any documents covered by a protective order, a proposed order should identify the <u>specific</u> materials, categories, or portions of materials to be deemed confidential in a meaningful fashion (e.g., "business plans," "customer identities," or "market surveys") and indicate what prejudice or harm will result if no protection is granted for those particular documents or information. It is not sufficient to use conclusory terms such as "confidential business and financial information" or "trade secrets."

    Furthermore, a proposed protective order that gives the parties latitude to determine, after the fact, what types of materials should fall within the parameters of protected material is not sufficiently specific. It is not sufficient, for example, to include open-ended categories of information, such as "any other information that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), including, but not limited to, information subject to federal or state privacy rights." (Stipulated Protective Order ("Stip.") § 2.3(c)). In the event the parties wish to seek protection for additional categories of materials in the future, they may request to amend the protective order.

2. In seeking to file confidential information under seal pursuant to Central District Local Rule 79-5.1, a party should seek to file *only* the confidential portions of such documents under seal. (See Stip. § 10.) In any such application, the parties must make the appropriate showing. See *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Any application to file documents under seal in proceedings before the district judge should be made to the district judge.

3. Any litigation on a protective order sought from the magistrate judge, including any litigation concerning the designation of documents, shall be conducted pursuant to Local Rule 37. (See Stip. §§ 6.2, 6.3.)

4. A protective order sought from the magistrate judge applies only to information exchanged in discovery and other proceedings before the magistrate judge, and any proposed order submitted for the magistrate judge's signature should so state. The proposed order could be read to cover, for example, pre-trial and post-judgment matters. If the parties wish to have a broader protective order that covers matters beyond discovery, which it appears they may have been seeking to do, (see, e.g., Stip. §§ 3, 4, 5.2(b), 7.1, 11; Exhibit A to Stip.; Protective Order, signature lines), they may submit a request for a proposed stipulated protective order to the district judge. The magistrate judge suggests that if the parties wish to submit a broader order to the district judge, they **clearly state in the caption that the request *is not limited to discovery and is for consideration by the district judge*** so the request will not be routed to the magistrate judge.

    In general, once a case proceeds to trial, all information designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless an appropriate showing is made to the district judge in advance of the trial to proceed otherwise.

5. Exhibit A to the protective order suggests the stipulated order would be subject to the jurisdiction of the United States

District Court for the *Northern* District of California. To the extent the parties wish a protective order to be issued under the jurisdiction of the Northern District, the parties should submit their request to that court.

The parties should consider whether some or all of the materials at issue can be exchanged in redacted form (e.g., by deleting confidential information) or **whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court**.

**IT IS SO ORDERED.**

cc:   Judge Otero

    Brian S. Kabateck, Esq.
    Richard L. Kellner, Esq.
    Kabateck Kellner LLP
    Engine Company No. 28 Building
    644 South Figueroa Street
    Los Angeles, CA 90017

    David Mills Arbogast, Esq.
    Jeffrey K. Berns, Esq.
    Arbogast and Berns LLP
    6303 Owensmouth Avenue, 10th Fl.
    Woodland Hills, CA 91367-2263

    Eric M. George, Esq.
    Marcy Railsback, Esq.
    Michael A. Bowse, Esq.
    Browne Woods George LLP
    2121 Avenue of the Stars, Suite 2400
    Los Angeles, CA 90067

    Gerson Harry Smoger, Esq.
    Steven Michael Bronson, Esq.
    Smoger & Associates
    3175 Monterey Boulevard, Suite 3
    Oakland, CA 94602-3560

    Mark R. Cuker, Esq.
    Michael J. Quirk, Esq.
    Williams Cuker & Berezofsky
    1617 J.F.K. Boulevard, Suite 800
    Philadelphia, PA 19103

    LeAnn Pedersen Pope, Esq.
    Stephen R. Meinertzhagen, Esq.
    Victoria R. Collado, Esq.
    Burke Warren MacKay & Serritella PC
    330 North Wabash Avenue, 22nd Floor
    Chicago, IL 60611

Robert S. Beall, Esq.
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1925

Sascha V. M. Henry, Esq.
Sheppard Mullin Richter and Hampton
333 South Hope Street, 48th Floor
Los Angeles, CA 90071-1448

Shannon Z. Petersen, Esq.
Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101

**MINUTES FORM 11**
**CIVIL-GEN**

Initials of Deputy Clerk _____